IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA ROBERTS,            )
                           )
    Plaintiff,             )
                           )
v.                         ) Civil Action No. 3:08CV046-HEH
                           )
THE SHAW GROUP, INC.,      )
SHAW SERVICES, LLC, and    )
SHAW CONSTRUCTORS, INC.    )
                           )
    Defendants.            )

## MEMORANDUM OPINION
(Denying Defendants' Motion to Dismiss)

This is a civil action brought under Title VII of the Civil Rights Act of 1964 for sexual harassment, constructive discharge, and retaliation. It is before the Court on Defendant Shaw Group, Inc. ("Shaw Group") and Shaw Services, LLC's ("Shaw Services") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on June 23, 2008. All parties have submitted a memorandum of law in support of their position. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny the Motion to Dismiss.

### Standard of Review

"The purpose of a 12(b)(6) motion is to test the sufficiency of a complaint;

importantly a 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss for failure to state a claim requires the Court to view all facts alleged in the complaint in a light most favorable to the non-moving party, but does not require it to accept the legal conclusions drawn from those facts. *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In reviewing a 12(b)(6) motion for failure to state a claim the Court may not consider evidence outside of the pleadings. *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). In a case of employment discrimination the complaint need only contain specific facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973-74 (2007).

## Analysis

Under Title VII, a plaintiff must exhaust all administrative remedies against an employer before commencing a civil action. *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Defendants Shaw Group and Shaw Services argue that Plaintiff can only bring suit against Shaw Constructors, Inc. ("Shaw Constructors") because it was the only entity named in Plaintiff's EEOC filing and thus is the only defendant against whom Plaintiff exhausted all administrative remedies. (Defs.' Mem. in Supp. of Mot. to Dismiss at 3.) Since Shaw Group and Shaw Services were not named in the EEOC filing they argue that they are not proper defendants in the present suit. (Defs.' Mem. in Supp. of Mot. to Dismiss at 3 & 6.) Defendants' motion concedes that the

Fourth Circuit recognized an exception in *Alvarado v. Bd. of Treasurers of Montgomery Cnty. Coll.*, 848 F.2d 457 (4th Cir. 1988), to the Title VII requirement that all potential defendants be revealed to the EEOC. They argue, however, that the exception is narrow and does not apply to Plaintiff because she was represented by counsel in filing her EEOC complaint. (Defs.' Mem. in Supp. of Mot. to Dismiss at 4-5.)

Plaintiff argues that it was not necessary to name Shaw Group and Shaw Services in the EEOC complaint. In *Alvarado,* the Fourth Circuit recognized that the purpose of the naming requirement in Title VII is to provide a party with notice so that they might participate in the EEOC's conciliatory process. 848 F.2d at 460. Plaintiff posits that Shaw Group and Shaw Services had notice of the EEOC filing and had the opportunity to participate in conciliatory negotiations. (Pl.'s Mem. in Opp. to Mot. to Dismiss at 7-8.) Furthermore, Plaintiff argues that she need not name a defendant in an EEOC complaint if the defendant is "functionally identical" to a defendant that is named in the complaint. *Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744 (E.D. Va. 1991) (citing *Alvarado*, 848 F.2d at 460). Plaintiff states that Shaw Group and Shaw Services are "functionally identical" to Shaw Construction. (Pl.'s Mem. in Opp. to Mot. to Dismiss at 7-8.)

Defendants brought the current motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, but their argument, in effect, alleges a jurisdictional defect. A motion for failure to state a claim is not the correct vehicle with which to attack subject matter jurisdiction. A motion addressing subject matter jurisdiction is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows the Court to

consider evidence outside the text of the complaint.

In its current form, there is no evidence in the record that would allow the Court to determine whether subject matter jurisdiction exists. Neither side has produced any evidence as to whether or not the three defendants are "functionally identical", or whether the defendants received notice and had an opportunity to participate in the conciliatory process, nor could they under Rule 12(b)(6). Such evidence is critical to the Court's determination of whether Shaw Group and Shaw Services are proper defendants to this suit.

As for the outstanding motion to dismiss for failure to state a claim, the Court must look at the factual allegations present in the complaint. In order to sustain such a motion the complaint must allege facts that "raise the right to relief above a speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Since the complaint alleges ample facts upon which all of the Title VII counts could be sustained, and raises the right to relief above a "speculative level", Defendants' motion will be denied.

## Conclusion

For the reasons state above, Defendants' motion to dismiss is DENIED, without prejudice to any motion under Rule 12(b)(1) that may be filed.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 8th day of July 2008.
Richmond, VA