IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRENDA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08CV46-HEH |
| | ) |
| THE SHAW GROUP, INC., | ) |
| SHAW SERVICES, LLC, | ) |
| SHAW CONSTRUCTORS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Motion to Dismiss Counts I, II, and VI
and Motion for Leave to File Answers Out of Time)

This is an employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. It is presently before the Court on a Motion to Dismiss Counts I, II, and VI pursuant to Rule 12(b)(1) ("12(b)(1) Motion") of the Federal Rules of Civil Procedure and a Motion for Leave to File Answers Out of Time ("Motion for Leave"), filed by Defendants The Shaw Group, Inc. ("Shaw Group") and Shaw Services, LLC ("Shaw Services") (collectively "Defendants"). Both parties have filed extensive memoranda of law supporting their respective positions, and the Court heard oral argument on the Motions on September 26, 2008. For the reasons stated herein, the Court will grant both Motions.

### I. BACKGROUND

On May 15, 2008, Plaintiff filed a First Amended Complaint ("Complaint")

against her employer, Shaw Constructors, Inc. ("Shaw Constructors") and two affiliated companies: Shaw Group, the parent corporation of Shaw Constructors, and Shaw Services, a sister subsidiary corporation of Shaw Constructors. Plaintiff asserts both state and federal claims comprising of sexual harassment, constructive discharge, and retaliation in violation of 42 U.S.C. § 2000e, *et seq.*, and wrongful discharge and negligent hiring, supervision, and retention in violation of Virginia law. Plaintiff served the Defendants with the original Complaint on May 13, 2008, making Defendants' responsive pleadings due on June 2, 2008. On that date, Shaw Constructors filed an Answer, and Shaw Group and Shaw Services filed a Motion to Dismiss pursuant to Rule 12(b)(6).

On July 3, 2008, the Court issued a Scheduling Order, which included a provision directing any party that had not filed an answer to do so within eleven days—July 14, 2008. Also, on July 8, 2008, the Court denied Defendants' Motion to Dismiss pursuant to 12(b)(1). On August 4, 2008, Plaintiff filed a Request for Entry of Default because Defendants failed to file an answer to the Complaint. Defendants filed answers to the Complaint on August 5, 2008. On August 18, 2008, Defendants filed their 12(b)(1) Motion and their Motion for Leave.

## II. ANALYSIS

### A. Motion to Dismiss Counts I, II, and VI pursuant to Rule 12(b)(1)

#### 1. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction, the plaintiff in this case, has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R.. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

#### 2. Jurisdictional Prerequisites of Title VII

Under Title VII, a plaintiff may file a civil action after administrative proceedings have ended or conciliation attempts have failed only "against the respondent named in the [EEOC] charge." 42 U.S.C. § 2000e-5(f)(1). The naming requirement not only identifies the charged party and allows it to participate in the conciliation process before the EEOC, *Alvarado v. Bd. of Trustees of Montgomery Comm. College*, 848 F.2d 457, 458–59 (4th Cir. 1988), but also notifies the charged party of the alleged violation. *See Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005). Thus, "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the

3

scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996).

Defendants contend that Plaintiff is barred from bringing suit against them because her EEOC charge named only Shaw Constructors. Thus, Defendants maintain that Plaintiff has only exhausted her administrative remedies against Shaw Constructors. In response, Plaintiff argues that she had no obligation to name Shaw Group and Shaw Services in her EEOC charge because Defendants received notice of her EEOC claim and had the opportunity to participate in the conciliation process. She also contends that Shaw Group and Shaw Services are "functionally identical" to Shaw Constructors.

Plaintiff filed her EEOC charge on November 8, 2006, naming only Shaw Constructors as the charged party. (Def.'s Ex. A.) The statement of facts accompanying the EEOC charge details Plaintiff's allegations of sexual harassment and discrimination against Shaw Constructors; neither Shaw Group or Shaw Services are mentioned in the statement of facts. (Def.'s Ex. A.) On November 20, 2006, the Chief Compliant Officer of Shaw Group sent a letter to the EEOC, requesting an extension to respond to Plaintiff's claims against Shaw Constructors. (Pl.'s Ex. B.) On December 14, 2006, Shaw Group filed a response to Plaintiff's claims on the behalf of Shaw Constructors. (Pl.'s Ex. C.)

One year later, on November 16, 2007, Plaintiff sent a letter to Shaw Group, advising it that she intended to request a Right to Sue letter from the EEOC, attaching a proposed complaint, and inviting Shaw Group to participate in settlement negotiations.

4

(Def.'s Ex. C.) While the letter's reference line stated that the letter was related to Plaintiff's claims against Shaw Group, Shaw Services, and Shaw Constructors, the allegations delineated in body of the letter applied only to Shaw Constructors. On November 20, 2007, and again on December 21, 2007, Plaintiff requested a Right to Sue letter from the EEOC for "her claim of discrimination against Shaw Constructors." (Def.'s Ex. D.) The EEOC issued a Right to Sue letter to Plaintiff for her claim against Shaw Constructors on December 31, 2007. (Def.'s Ex. E.)

No doubt exists that Shaw Group had notice of Plaintiff's discrimination claim against *Shaw Constructors*, but it received no indication that it or Shaw Services were a target of Plaintiff's claims until at least November 16, 2007—one year after she filed her claim with the EEOC and a mere four days before Plaintiff requested her Right to Sue letter. Courts have recognized certain exceptions to the naming requirement, *see, e.g., Alvarado*, 848 F.2d at 458–59 (4th Cir. 1988); *Mayo v. Questech, Inc.*, 727 F. Supp. 1007 (E.D. Va. 1989), but they only apply in situations where the purposes of EEOC filing—notice to the charged party of the alleged violation and an opportunity to participate in the conciliation process—have been effectuated. *Kelly v. Richland Sch. Dist. 2*, 463 F. Supp. 216, 219 (D.S.C. 1978).

The Court finds that Plaintiff's EEOC charge failed to name Shaw Group or Shaw Services, failed to notify them of their alleged violations, and failed to provide them with an opportunity to participate in the conciliation process. The purposes of the EEOC filing

5

have not been effectuated, and Plaintiff has failed to provide sufficient evidence that Shaw Group, Shaw Services, and Shaw Constructors are functionally identical. Therefore, the exceptions to the naming requirement do not apply. Accordingly, the Court will grant the Motion to Dismiss and dismiss Counts I, II, and VI against Shaw Group and Shaw Services for lack of subject-matter jurisdiction.

**B.    Motion for Leave to File Answer Out of Time**

The Court will now turn to the remaining state-law claims against Shaw Group and Shaw Services—wrongful discharge and negligent hiring, supervision, and retention. As an initial matter, the Court finds that it has subject-matter jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. The Court must also evaluate several factors, including the fairness to the parties and considerations of judicial economy, in determining whether to exercise supplemental jurisdiction. *Shanagan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In this case, Plaintiff's federal claims against Shaw Constructors remain viable, and Plaintiff's state-law claims against Shaw Group and Shaw Services are substantially related to Plaintiff's federal claims so as to justify the exercise of the Court's supplemental jurisdiction.

Defendants are in default on Plaintiff's state-law claims. They filed no responsive pleading to these claims until August 5, 2008, more than two months after those pleadings were due. Understandably, Plaintiff filed a Request for Entry of Default on August 4,

2008, and a Motion for Default Judgment on August 30, 2008. Defendants filed a Motion for Leave to File Answer Out of Time on August 18, 2008.

Under current Fourth Circuit law, default judgments are sparingly granted. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). In deciding whether to grant relief from a default judgment, the Court must consider Defendants' personal responsibility for the default, the possibility of prejudice to Plaintiff, whether a history of dilatory action exists, and whether less drastic sanctions are available. *Id.* Where the blame for the default rests solely on the shoulders of counsel, default judgment should not be granted. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

Shaw Group and Shaw Services bear no responsibility for the failure to respond to the Complaint. The fault lies solely with their counsel. As such, the Court will grant Defendants' Motion for Leave. Plaintiff's Request for Entry of Default and Motion for Default Judgment will be denied as moot, but the Court will sanction Defendants' counsel and order payment of Plaintiff's attorney's fees and costs in preparing the Request for Entry of Default and the Motion for Default Judgment and responding to the Motion for Leave.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and Motion for Leave. The Court will deny Plaintiff's Request for Entry of Default and

7

Motion for Default Judgment as moot, but Defendants' counsel is ordered to pay Plaintiff's attorney's fees and costs in preparing the Request for Entry of Default and Motion for Default Judgment and responding to the Motion for Leave.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 7th day of Oct. 2008.
Richmond, VA