IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRENDA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08CV46-HEH |
| | ) |
| THE SHAW GROUP, INC., | ) |
| SHAW SERVICES, LLC, | ) |
| SHAW CONSTRUCTORS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting in part Defendants' Motion for Partial Summary Judgment)

This is an employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. It is presently before the Court on Defendants' Motion for Partial Summary Judgment, filed on December 8, 2008. Both parties have filed extensive memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant the Motion as to The Shaw Group, Inc. ("Shaw Group") and Shaw Services, LLC ("Shaw Services"), and will deny the Motion as to Shaw Constructors, Inc. ("Shaw Constructors").

## I. BACKGROUND

On December 4, 2008, Plaintiff filed her Second Amended Complaint ("Complaint") against her employer, Shaw Constructors, its parent corporation, Shaw Group, and a sister subsidiary, Shaw Services. Plaintiff asserts both state and federal claims comprising of sexual harassment, constructive discharge, and retaliation in violation of 42 U.S.C. § 2000e, *et seq.*, and wrongful discharge and negligent hiring, supervision, and retention in violation of Virginia law.

Shaw Group is a provider of comprehensive engineering and construction services in the energy, environmental, infrastructure, and maintenance services industries. Shaw Constructors is a subsidiary of Shaw Group, which provides construction services. Shaw Services is also a subsidiary of Shaw Group, which Plaintiff alleges issued the pay checks she received for her work with Shaw Constructors. Plaintiff seeks to hold Shaw Group and Shaw Services liable as her employer for her wrongful discharge and negligent hiring, supervision, and retention claims under Virginia law.

Plaintiff began working for Shaw Constructors on January 16, 2006, at a construction site in Chesterfield County, Virginia, also known as the Dominion Project. Plaintiff began working at the Dominion Project as a warehouse laborer before moving to the Laydown Yard office in February 2006 to handle the receipt and disbursement of construction materials throughout the site. She worked in the Laydown Yard office until approximately April or May 2006, when she assumed the duty of inspecting incoming

equipment. Plaintiff worked for Shaw Constructors at the Dominion Project until October 13, 2006.

Plaintiff's duties at the Laydown Yard office brought her into contact with a supervisor employed by Shaw Constructors named Kerry Crites. Plaintiff testified that Crites sexually harassed her on repeated occasions. Plaintiff testified that Crites repeatedly made sexual remarks to her and touched her inappropriately. Plaintiff testified that, between February 2006 and April 2006, she made verbal complaints to her supervisors at Shaw Constructors, including Human Resource Manager Jim Lott, concerning Crites behavior.

> Q. He put his hands on your neck?
>
> A. He come up from behind and grabbed me.
>
> Q. And so you told Lott about that?
>
> A. Yes.
>
> . . .
>
> Q. Okay. Did you ever tell Lott that he was putting - - touching your breast?
>
> A. Yes, I told him.

Several witnesses for Defendants, however, dispute Plaintiff's testimony that she made any complaints of sexual harassment until April 20, 2006. On that day, Plaintiff submitted a three-page handwritten complaint to Andy Gilbert detailing her allegations of sexual harassment against Crites. Upon receiving Plaintiff's written complaint, Shaw

Constructors removed Crites from the construction site and later transferred him to Houston, Texas.

Sometime after Crites was transferred to another site, Plaintiff testified that another employee, Willie Bradford, began making inappropriate sexual remarks to her and touching her inappropriately. Jim Lott testified that the first time Shaw Constructors became aware of possible sexual harassment by Bradford was when it received Plaintiff's EEOC Complaint, which she filed on November 8, 2006. Lott testified that, until that time, Plaintiff's complaints concerning Bradford related to his use of inappropriate language toward other employees, not sexual harassment. Plaintiff testified, however, that she complained to Lott, as well as Eddie Harris, Bradford's supervisor about Bradford's alleged sexual harassment.

In October 2006, Plaintiff contacted Plaintiff's counsel to represent her with respect to her allegations against Crites and Bradford. Plaintiff testified that, after it became known that she had contacted a lawyer, her coworkers retaliated against her and made her work environment intolerable. Plaintiff testified that Bradford and Mike Jackson called her names and that Meisha Hogan, another coworker, hurt her arm by jerking a door while Plaintiff was still holding the door handle. After approximately a week of this type of alleged treatment, Plaintiff resigned from Shaw Constructors on October 13, 2006.

## II. ANALYSIS

### A. Standard of Review

When evaluating a motion for partial summary judgment under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted). A court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury *could* return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Liability of Shaw Group and Shaw Services

Plaintiff seeks to hold Shaw Group and Shaw Services liable as her employers. To accomplish this, Plaintiff asks the Court to pierce the corporate veil and hold that Shaw Group, Shaw Constructors, and Shaw Services are effectively the same corporation and are not entitled to the limited liability afforded to shareholders in the corporate

5

framework. Courts, however, have held parent corporations liable as employers of their subsidiaries' personnel only in extraordinary circumstances. *Johnson v. Flowers Indus.*, 814 F.2d 978, 981 (4th Cir. 1987).

In the employment context, a parent corporation will be held liable as the employer of its subsidiary's employees only if Plaintiff establishes that the parent corporation exercises *excessive* control over its subsidiary in one of two ways. *Id.* First, a parent corporation may be held liable as an employer if it controls the employment practices and decisions of the subsidiary. *Id.* For instance, "[i]f the parent company hired and fired the subsidiary employees, routinely shifted them between the two companies, and supervised the daily operations," it would qualify as the employer of those employees. *Id.* Second, a parent corporation may be held liable as an employer if it dominates a subsidiary's operations to such an extent that the two corporations must be considered one entity, such as if the two corporations commingle their funds and assets, use the same work force or business office, hold mutual board and shareholder meetings, or keep the same books. *Id.*

The exercise of some control, however, does not eliminate the protection of a controlling shareholder's limited liability. *Id.* at 980. A controlling shareholder is entitled to choose directors and set general policies without losing the protection of limited liability. *Id.* at 980–81 (citing *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 180 (5th Cir. 1981). Nor does the exercise of general oversight permit the Court to disregard the corporate form separating a parent corporation from its subsidiary. *Id.* at 982.

Plaintiff's evidence is insufficient to permit the Court to pierce the corporate veil and hold Shaw Services liable for the behavior of Shaw Constructors. No evidence exists showing that Shaw Services exercises excessive control—or any control—over the operations of its sister subsidiary, Shaw Constructors. The only evidence Plaintiff introduces as to Shaw Services is that it issued Plaintiff's pay checks for her work at Shaw Constructors. This evidence clearly falls well short of showing that Shaw Services should be held liable for Plaintiff's claims. The Court will grant Defendants' Motion as to Shaw Services.

Likewise, Plaintiff's evidence fails to establish that Shaw Group and Shaw Constructors function as one entity or that Shaw Group is Plaintiff's employer. Plaintiff has produced evidence that Shaw Group appeared on the letterhead containing Plaintiff's employment application, that the Employee Handbook Plaintiff received from Shaw Constructors contained several references to Shaw Group, and that Shaw Group administered Plaintiff's benefits plan with Shaw Constructors. Plaintiff also introduced evidence that the investigation of her complaints concerning Crites was conducted by Shaw Group personnel. No evidence exists, however, that Shaw Group hired or fired Shaw Constructors's employees or that it routinely shifted employees between the two companies. Also, no evidence suggests that Shaw Group controlled the day-to-day operations of Shaw Constructors to such an extent that the two entities should be considered as one.

This evidence fails to establish that Shaw Group exercised excessive control over its subsidiary so as to forfeit its protection under the doctrine of limited liability. Shaw Group's involvement comports with the legitimate exercise of a controlling shareholder's rights to establish general administrative policies and conduct general oversight. *See Flowers Indus.*, 814 F.2d at 980, 982. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has not met her burden of showing that Shaw Group is her employer. This case does not present an extraordinary circumstance allowing the Court to pierce the corporate veil and hold Shaw Group liable for Plaintiff's claims. Accordingly, the Court will grant Defendants' Motion as to Shaw Group.

C.     **Plaintiff's Claims against Shaw Constructors**

The Court finds that a genuine dispute of material fact exists as to Plaintiff's claims against Shaw Constructors. Plaintiff testified that she made verbal complaints concerning Crites's alleged sexual harassment to Jim Lott before filing her written complaint on April 20, 2006. She also testified that she made verbal complaints concerning Bradford's alleged sexual harassment to Jim Lott, Eddie Harris, and others at Shaw Constructors. Plaintiff also testified that, after her coworkers discovered that she had contacted a lawyer, they made her work environment intolerable. Plaintiff testified that her coworkers called her names and even physically injured her arm.

Shaw Constructors disputes Plaintiff's testimony, asserting that she made no complaints related to sexual harassment by Crites or Bradford, except for her written

complaint on April 20, 2006, and that the behavior alleged by Plaintiff fails to support her retaliation claim. When viewing the evidence in the light most favorable to Plaintiff, however, the Court finds that Plaintiff's evidence against Shaw Constructors is sufficient to survive summary judgment. Plaintiff's claims against Shaw Constructors present a classic issue of material fact for the jury to decide. Accordingly, the Court will deny Defendants' Motion as to Shaw Constructors.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' Motion for Partial Summary Judgment as to Shaw Group and Shaw Services and will deny the Motion as to Shaw Constructors. As Plaintiff has no more pending claims against them, Shaw Group and Shaw Services will be dismissed from the case.

An appropriate Order will accompany this Memorandum Opinion.

                                                /s/_____
                                                Henry E. Hudson
                                                United States District Judge

ENTERED this 13 day of Jan 2009.
Richmond, VA